1
2
3
4      NOTE: CHANGES MADE BY THE COURT
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10    BRIAN WARNER, KENNETH            Case No. 2:15-cv-02171-FMO-(FFMx)
      MAC LEOD; MICHAEL MEADE,
11    MICHAEL WATSON, JAMES           **<u>CLASS ACTION</u>**
      FULLER, and DALE FRANQUET,
12    individually and on behalf of all    **[~~PROPOSED~~] ORDER ON
      others similarly situated,          STIPULATED PROTECTIVE
13                                          ORDER**
                Plaintiffs,
14                                       USDJ:    Fernando M. Olguin
          v.                             Ctrm:    22, 5th Floor – Spring
15                                       USMJ:    Frederick F. Mumm
      TOYOTA MOTOR SALES, U.S.A.,        Ctrm:    580, 5th Floor - Roybal
16    INC., a California corporation,
                                         JURY TRIAL DEMANDED
17              Defendant.
                                         Complaint Filed: March 24, 2015
18
19
20
21
22
23
24
25
26
27
28
                                    1         CASE NO. 2:15-cv-02171 FMO (FFMx)

                    [~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, plaintiffs Brian Warner, Kenneth MacLeod, Michael Meade, Michael Watson, James Fuller, and Dale Franquet, and defendant Toyota Motor Sales, U.S.A, Inc. ("Toyota") (collectively, "Parties"), by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Stipulated Protective Order as follows:

**IT IS HEREBY STIPULATED**, subject to the approval of the Court that:

**1.    APPLICABILITY OF THE PROTECTIVE ORDER.** This Stipulated Order Governing the Designation and Handling of Confidential Materials (hereinafter "Order") shall govern for pre-trial purposes the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a Party in connection with the Action (this information hereinafter referred to as "Discovery Material"). All references to "Party," "Receiving Party," "Producing Party" or "Designating Party" throughout this Order are intended to include non-parties.

**2.**    Each Party and all persons bound by the terms of this Order, and any protective order entered in *Burns v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:14-cv-02208 (W.D. Ark.), may also use any Discovery Material governed by this Order for purposes of prosecution, defense, or settlement of the *Burns* action, subject to all applicable limitations and terms of this Order and any protective order entered in *Burns*. Similarly, each party and all persons bound by the terms of this Order and any protective order entered in *Burns*, may use any Discovery Material governed by this Order and any protective order entered in *Burns* for purposes of prosecution, defense, or settlement of this Action, subject to all

1    applicable limitations and terms of this Order and any protective order entered in

2    *Burns*.

3         **3.    DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR**

4    **"HIGHLY CONFIDENTIAL."** Any Producing Party may designate Discovery

5    Material as "Confidential" or "Highly Confidential" under the terms of this

6    Order if the Producing Party in good faith reasonably believes that such

7    Discovery Material contains non-public, confidential, personal, proprietary or

8    commercially sensitive information that requires protections provided in this

9    Order (hereinafter referred to as "Confidential Material" or "Highly Confidential

10   Material").

11        **a. "Confidential Material."** For purposes of this Order, information

12             considered to be Confidential Material includes any information that

13             a Party believes in good faith to be confidential or sensitive non-

14             public information, including, but not limited to, trade secrets,

15             research, design, development, financial, technical, marketing,

16             planning, personal, or commercial information, as such terms are

17             used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure

18             and any applicable case law interpreting Rule 26(c)(1)(G).

19        **b. "Highly Confidential Material."** For purposes of this Order,

20             Highly Confidential Material shall include, but is not limited to, any

21             Protected Data (defined below) and/or Confidential Materials as

22             defined herein, which also includes non-public product design and

23             testing information or extremely sensitive, highly confidential, non-

24             public information, consisting either of trade secrets or proprietary

25             or other highly confidential business, financial, regulatory, or

26             strategic information (including information regarding business

27             plans, technical data, and non-public designs), the disclosure of

28             which would create a substantial risk of competitive or business

00090264              [~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

injury to the Producing Party. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

c. Confidential Material and Highly Confidential Material are collectively defined as "Covered Information."

**4.    MARKING OF DOCUMENTS.** The designation of Discovery Material as Confidential Material or Highly Confidential Material or Protected Data for purposes of this Order shall be made in the following manner:

a. **TIFF Documents.** In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to all pages in each document containing any Confidential Material or Highly Confidential Material, respectively.

b. **Native Documents.** With respect to documents or materials containing Covered Information produced in Native Format, the Designating Party shall include the highest level of confidentiality designation in the filename.

c. **Designating Depositions.** With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as "Confidential" or "Highly Confidential" on the record at the deposition, or by serving such designations within 15 days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as Highly Confidential for 15 days following receipt of the transcript.

d. **Non-Written Materials.** Any non-text Covered Information (*e.g.*, videotape, audio tape, computer disk, etc.) may be designated as

[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

such by labeling the outside of such material as "Confidential" or "Highly Confidential".  In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and stamp each page of such material as "Confidential" or "Highly Confidential" consistent with the original designation by the Producing Party.

**5. DISCLOSURE OF COVERED INFORMATION.** The failure to designate Covered Information does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the disclosure, with the effect that such Covered Information will be subject to the protections of this Order.  The Receiving Party shall exercise good faith efforts to ensure that copies made of Covered Information produced to it, and copies made by others who obtained such Covered Information directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Covered Information has been marked with the appropriate confidentiality legend by the Producing Party.

**6. MATERIALS PREPARED BASED UPON COVERED INFORMATION.** Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information with such specificity that the Covered Information can be identified shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order. This does not include attorney

[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

work product. Work product shall, however, be subject to the Security Precautions outlined in Paragraph 18 hereto, including Paragraph 18(e).

Summaries of COVERED INFORMATION, including any lists, memorandum, indices or compilations prepared or based on an examination of COVERED INFORMATION, that quote from or paraphrase COVERED INFORMATION in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying COVERED INFORMATION.

**7.    NOTICE TO NON-PARTIES.** Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) business days, the non-party either request the protection of this Protective Order or notify the issuing Party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

**8.    GOOD-FAITH BELIEF.** For purposes of this Order, the Party designating Discovery Material as "Confidential" or "Highly Confidential" (the "Designating Party") bears the burden of establishing the appropriate designation of all such Discovery Material. The designation of any Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order shall constitute the verification by the Designating Party and its counsel that the material constitutes "Confidential" or "Highly Confidential" as defined above. Blanket designation of documents or information as "Confidential" or "Highly Confidential" without regard to the specific contents of each document or piece of information is prohibited.

**9.** If at any time prior to the trial of this Action a Party realizes that previously produced Discovery Material should be designated as "Confidential" or "Highly Confidential" the Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the appropriate "Confidential" or "Highly Confidential" designation as described

00090264
[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

1  above. The designated documents or material will thereafter be treated as
2  "Confidential" or "Highly Confidential" pursuant to this Order.  Upon receipt of
3  such designation in writing and re-production of the material with the
4  "Confidential" or "Highly Confidential" stamp, the Parties and other persons
5  subject to this Order shall take reasonable and appropriate steps to notify any and
6  all recipients of the Discovery Material about the protected status of the newly
7  designated "Confidential" or "Highly Confidential" and to retrieve the newly
8  designated "Confidential" or "Highly Confidential" from any person who is not
9  permitted by this Order to have Confidential Information.

10      **10.**   No Party receiving Covered Information shall be under any
11  obligation to object to the designation of any document at the time such
12  designation is made or at any time thereafter. No Party shall, by failure to object,
13  be found to have acquiesced or agreed to such designation or be barred from
14  objecting to such designation at any time.

15      **11.   PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL**
16  **MATERIAL.** Confidential Material may be disclosed only to the following
17  "Qualified Persons":

18      **a.** the Court, including attorneys, employees, judges, magistrates,
19          secretaries, special masters, stenographic reporters, staff,
20          transcribers and all other personnel necessary to assist the Court in
21          its function, and the jury;
22      **b.** mediators or other individuals engaged or consulted in settlement of
23          all or part of this Action;
24      **c.** the Parties;
25      **d.** counsel of record for the Parties, including all partners, members,
26          and associate attorneys of such counsel's law firms who are
27          assisting in the conduct of the Action, as well as any other counsel
28          and support personnel of such counsel who may be assisting counsel

7   CASE NO. 2:15-cv-02171 FMO (FFMx)

[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

of record for the parties in the conduct of the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

**e.** litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, provided that they execute Exhibit A as described in Paragraph 12 of this Order;

**f.** any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with this Action to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Action; (iii) the individual and/or a representative of each expert consulting firm sign the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm; (iv) excluding any retention for this Action, the individual expert and each of the Designated Expert Personnel is neither a current nor

8

[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

former (within the past year from the date of this Order) employee of any party or any entity which directly competes with, or is a customer of or direct seller to, any of the Defendants; and (v) the terms of Paragraph 16 of this Order are met;

**g.** Any person (i) who created, authored, received or reviewed such Covered Information; (ii) is or was a custodian of the Covered Information; (iii) is identified on such Covered Information; (iv) is or was an employee of the producing party and is reasonably believed to have knowledge of the matters in the Covered Information; or (v) counsel believes in good faith has knowledge of the matters contained in the Covered Information, but only as to the subject matters to which such person is reasonably thought to have specific knowledge and any information reasonably related thereto, subject to executing Exhibit A as described in paragraph 12;

**h.** any person who is likely to testify in the Action or any other case dealing with the same issues, including the *Barnes* litigation in Arkansas, and their attorneys and staff, for the purpose of assisting in the preparation or examination of the witnesses but only as to the subject matters to which such person is reasonably thought to have specific knowledge of and any information reasonably related thereto, subject to executing Exhibit A as described in paragraph 12;

**i.** auditors and insurers of the Parties; and

**j.** any other person as may be designated by written agreement by the Producing Party or by order of the Court.

**12. PERSONS AUTHORIZED TO RECEIVE HIGHLY CONFIDENTIAL MATERIAL.** Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material, Protected Data, or their contents may be disclosed, summarized, described, or otherwise communicated

or made available in whole or in part only to the persons identified and conditions set forth in Paragraphs 10(a)-(b), (d)-(f) and (j), and:

      **a.** Members of the in-house legal departments for the parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation; or

      **b.** Any person who (1) (a) who created, authored, received or reviewed such Covered Information, (b) is or was a custodian of the Covered Information, (c) is identified on such Covered Information; and (2) who has signed executing Exhibit A as described in paragraph 12.

    **13.** **EXECUTING THE NON-DISCLOSURE AGREEMENT.** All persons identified in ¶11(e)-(h), (j) and ¶12(b) to whom Covered Information is disclosed, shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Covered Information. Copies of the executed Exhibit A shall be retained by counsel disclosing Covered Information to such person.

    **14.** **CHALLENGING "CONFIDENTIAL" DESIGNATIONS.** A Party objecting to the designation of any material as Confidential, Highly Confidential or Protected Data shall give written notice to the Designating Party. Upon receipt of the written objection, counsel for the Designating Party shall, within ten days, provide a written response to the objecting Party explaining the basis and supporting authority for the designation; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential or Highly Confidential without a Court order. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the objecting Party and the Designating Party cannot resolve their dispute through such meet and confer discussions, within 15 court days after the parties have reached an impasse after meet and confer efforts, the Challenging Party shall file and serve a

[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

motion to challenge confidentiality pursuant to Local Rule 37-2 and Magistrate Judge Mumm's standing orders. The Designating Party has the burden of establishing that the document is entitled to protection. Any material so designated shall remain Confidential, Highly Confidential or Protected Data, and shall be subject to all of the restrictions on its disclosure and use set forth in this Order until such time as the Court may determine otherwise. In the event the Court rules that the challenged material is not Confidential or Highly Confidential, the Designating Party shall reproduce copies of all materials so designated without Confidential or label at the Designating Party's expense within ten business days.

~~15.   **SUBPOENA FOR COVERED INFORMATION.** If any Party has obtained Covered Information under the terms of this Order and receives a request to produce such Covered Information by subpoena or other compulsory process commanding the production of such Covered Information, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information and shall object to the production of such materials on the grounds of the existence of this Order.~~ **(FFM)**

16.   **USE OF DISCOVERY MATERIAL.** Covered Information shall be used solely for purposes of the Litigation, including any appeal.

17.   **EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS.** Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Covered Information from any deposition where testimony regarding Covered Information or the use of Covered Information is likely to arise.

18.   **SECURITY OF COVERED INFORMATION.** Any person in possession of another Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would

00090264                    [~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Covered Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

    **a.** Covered Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Covered Information under this Order;

    **b.** An audit trail of use and access to litigation support site(s) shall be maintained while this Litigation, including any appeals, is pending;

    **c.** Any Covered Information downloaded from the litigation support site(s) in electronic format to a mobile devise(s) (*e.g.*, laptop, tablet, smartphone, thumb drive, portable hard drive) shall be encrypted and/or password protected and/or the mobile device encrypted and/or password protected with access limited to persons entitled to access Covered Information under this Order.

    **d.** Covered Information in paper format is to be maintained in a manner intended to limit access to persons entitled to access Covered Information under this Order;

    **e.** Summaries of Covered Information, including any lists, memorandum, indices or compilations prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Covered Information; and

    **f.** If the recipient of Covered Information is shipping data in electronic format, the recipient shall encrypt the data or storage device prior to

[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents via Federal Express or UPS and retain a tracking number for the materials.

If the Receiving Party discovers a breach of security[1] relating to the Covered Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

**19.    FILING COVERED INFORMATION.** The Parties acknowledge that this Order creates no entitlement to file Covered Information under seal. The Parties will comply with applicable law, including Local Rule 79-5.1, when filing documents under seal.

**20.    FINAL TERMINATION.** Upon final termination of the Action, including any and all appeals, counsel for each Party shall, upon request of the Producing Party, return all Covered Information, including any copies, excerpts and summaries thereof, or shall destroy same at the option of the Receiving Party, and shall purge all such information from all machine-readable media on which the Covered Information resides. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other

---

[1]     Breach is defined to include, but is not limited to, the confirmed or suspected: (i) disclosure or use of Covered Information by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device containing Covered Information.

00090264          [~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

1   documents filed with the Court that refer to or incorporate Covered Information,
2   and will continue to be bound by this Order with respect to all such retained
3   information. Further, attorney work-product materials that contain Covered
4   Information need not be destroyed, but, if they are not destroyed, the person in
5   possession of the attorney work-product will continue to be bound by this Order
6   with respect to all such retained information.

7   **21. PROTECTIVE ORDER REMAINS IN FORCE.** This Protective
8   Order shall remain in force and effect until modified, superseded, or terminated
9   by consent of the Parties or by order of the Court made upon reasonable written
10  notice. Unless otherwise ordered or agreed upon by the parties, this Protective
11  Order shall survive the termination of this Action. The Court retains jurisdiction
12  even after termination of this Action to enforce this Protective Order and to make
13  such amendments, modifications, deletions and additions to this Protective Order
14  as the Court may from time to time deem appropriate.

15  **22. MODIFYING THIS ORDER.** Nothing in this Order shall be
16  construed to prohibit the Parties from agreeing to modify any provision of this
17  Order or seeking relief from the Court. Nor shall anything in this Order or any
18  Party's compliance herewith be construed as a waiver of any Party's rights under
19  applicable law.

20  **23. If a party to whom Confidential Material or Highly Confidential**
21  **Material has been produced is subpoenaed or ordered by another court or**
22  **administrative agency to produce information that is subject to this**
23  **protective order, such party shall notify promptly the party who produced**
24  **the material of the pending subpoena or order. It is the producing party's**
25  **responsibility to take whatever action it deems appropriate to challenge the**
26  **subpoena or order in the issuing court or agency. The party subject to the**
27  **subpoena or order shall not produce any Confidential Material or Highly**
28  **Confidential Materials in advance of the date required by the subpoena or**

1   **order.  Nothing herein shall be construed as relieving anyone subject to this**

2   **order from any obligation to comply with a validly issued subpoena or**

3   **order.  (FFM)**

4        **IT IS SO ORDERED.**

                                    /S/ FREDERICK F. MUMM

5   Dated:   October 8, 2015

6                                 Hon. Frederick F. Mumm
                             United States Magistrate Judge

CASE NO. 2:15-cv-02171 FMO (FFMx)

00090264

[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], have read and understand the

Stipulated Protective Order that was issued by the United States District Court

for the Central District of California on                           [insert date] in the

case of *Warner et al. v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:15-cv-02171

FMO (FFMx).  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order. In compliance with this Order, I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.   Signed this ____ day of

_____, 20___, at _____ [insert city and state where

sworn and signed].

Signature: _____

CASE NO. 2:15-cv-02171 FMO (FFMx)

00090264

[~~PROPOSED~~] ORDER ON STIPULATED PROTECTIVE ORDER