January 16, 2017

Brian Warner et al., v. Toyota Motor Sales, U.S.A., Inc., No. 2:15-v-02171 (C.D. Cal.)

Clerk of Court
United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, CA 90012



**FILED**
CLERK, U.S. DISTRICT COURT

JAN 20 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____vdr_____ DEPUTY

To Clerk of Court,

I, James Jacobsen at 10712 Laurel Leaf Place Potomac, MD 20854, 301-983-3509, object to the settlement Brian Warner et al., v. Toyota Motor Sales, U.S.A., Inc., Case No. 2:15-cv-02171-FMO-FFM. The reason for my objection is the settlement does not cover loss in value for frame corrosion when selling a class member vehicle.

As a 2006 Toyota Sequoia owner, I was made aware of frame rust and a potential Toyota recall from my independent mechanic 2 years ago. Nevertheless, there was no notice from Toyota. My experience in dealing with Toyota regarding a prior Takata air bag recall gave me no confidence in Toyota remedying the situation in a timely manner. If you recall with the Takata air bag recall, Toyota did not have enough parts to replace all of the faulty air bags at the time they were discovered. Toyota issued a notice of the problem informing Sequoia owners to not have passengers ride in the front passenger seat and/or drivers less than 5'2" drive because they were most at risk. Also, the Toyota notice gave no timeframe when the air bars would be replaced. How is that an acceptable remedy - partial loss of use at the owner's expense? Given this experience, it is reasonable to conclude that the frame rust would be even more difficult to resolve because the potential damage is much more extensive to repair and, therefore, requiring even more time than the prior air bag recall.

I was the original purchaser and owner of a new 2006 Toyota Sequoia and I am a class member of the settlement. However, I do not have the VIN because I traded the vehicle in for a new car. As a reasonable vehicle owner who values safety, frame rust compromises the safety of the vehicle which the manufacturer did nothing about in a timely manner. For this reason, I believe Toyota should provide restitution for those past Sequoia owners who sold their vehicle prior to this settlement. The loss in value for fame corrosion when selling the vehicle is not addressed in this settlement which is why I object to the settlement.

I intend to appear at the Fairness Hearing on my behalf if further action and/or financial reward warrants an appearance.

Sincerely,

*[signature]*

James Jacobsen

10712 Laurel Leaf Place

Potomac, MD 20854

301-983-3509

Jim Jackson
19711 Laurel Leaf Pl.
Poolesville, MD 20854

FMO

FFM

MD 220
17 JAN '17
PM 6 L

CLERK, U.S. DISTRICT COURT
RECEIVED
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY
JAN 20 2017

Clerk of Court
United States District
Central District of California
312 North Spring St.
Los Angeles, California Room G-8
90012

FOREVER  A1866 1222202336
USA