UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WARNER, KENNETH MAC LEOD; MICHAEL MEADE, MICHAEL WATSON, JAMES FULLER, and DALE FRANQUET, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant. | Case No. 2:15-cv-02171-FMO-(FFMx)<br><br>**CLASS ACTION**<br><br>**OBJECTION** |

**OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT**

Class member and objector, Gay Hopkins, ("hereinafter Objector") objects to the class action settlement. She is a class member because s/he owns the Toyota Tundra 2007 VIN 5TFRV54157X025339 of the Subject Vehicle(s) as defined by the Class Action Notice. Her address is P.O. Box 244, Gainesville, TX 76241 and telephone number 817-239-4258. Neither objector or attorney will attend the fairness hearing. Objector hereby objects to *Brian Weber, et. al. v. Toyota Motor Sales, U.S.A., INC.* as argued below.

1

## The Class Cannot be Certified

Before certifying a class, the trial court must perform a "rigorous analysis to determine whether the party seeking certification has met the prerequisites of Rule 23. *Zinser v. Accuflix Research Inst. Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23. *Id.* The party seeking certification has the burden of establishing each element required for class certification by a preponderance of the evidence. *Id.* at 1186. An action may be certified for class treatment under Rule 23 only if the individual claims of each plaintiff involve questions of law or fact common to every plaintiff's claim (Fed. R. Civ. P. 23(a)) and those common questions predominate over individual issues (*Id.* 23(b)). Rule 23 requires a "definitive assessment" of predominance. *In re Salomon Analyst Metromedia Litig.*, 544 F.3d 474, 485 (2nd Cir. 2008).

Fed. R. Civ. P. 23(b)(3) allows a class action to be maintained if the requirements of Rule 23(a)(1)-(4) are satisfied, "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The burden of proving these prerequisites resides with the proponents of certification. *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 725 F.3d 1213, 1218 (10th Cir. 2013). The proposed settlement class falls short because the settlement involves an intraclass conflict in contravention of Rule 23(a)(4).

2

Here, the class is divided into five different groups – (1) vehicle owners who can submit a claim form; (2) vehicle owners in a CRC state that have perforation in the frame more than 10 mm or more; (3) vehicle owners in a non-CRC state that have perforation in the frame more than 10 mm or more; (4) vehicle owners in a CRC state that have perforation in the frame less than 10 mm; (5) vehicle owners in a non-CRC state that have perforation in the frame less than 10 mm. For the class members in groups 1-4, the class members will get some improvement to their vehicle – either a new frame or an application of Corrosion- Resistant Compounds. For class members in group 5, the class members receive nothing. Their vehicles will get nothing to prevent or remove the corrosion. This is a zero-recovery class. Yet, these class members still were harmed by Defendant's conduct. Their vehicles will still be susceptible to corrosion in the future. Plus, their vehicles will now face a lower resale value because of this defect. There is an intra-class conflict.

This class action settlement also has a problem with predominance. Not every vehicle has the same amount of corrosion. There needs to be an individual inquiry as how much corrosion it has to determine what type of class benefit there will be. For this same reason, the commonality requirement is not met.

The typicality requirement is also not met. Every class representative has extensive or severe rust corrosion. There are no class representatives that have perforation in the frame less than 10 mm. There are no class representatives that will have either an application of Corrosion- Resistant Compounds on their vehicle or have

3

nothing at all happen to their vehicle. Final approval of the settlement should be denied on this basis.

## The Settlement is Unclear about Important Terms

The settlement does not indicate under what circumstances additional inspections will be provided. The settlement does not define what the term "as necessary" means. The settlement states that, "Pursuant to the Frame Inspection and Replacement Program and the Inspection Protocol, Toyota shall offer an initial inspection of the Subject Vehicles **and additional inspections, as necessary**." Dkt. 91, Settlement Agreement at § III.A.1. Who decides what is necessary? Some class members will definitely think that multiple inspections are necessary to make sure their car has not suffered from corrosion damage, which could impact the integrity of the car in the event of an accident. Some class members will find an additional inspection necessary after another winter if their inspection indicated that their vehicles were close to the 10 mm perforation cut-off, but had not quite reached that level. The settlement is not clear if those additional inspections are necessary.

The Notice implies that only one free inspection will be provided. The Notice states that "The proposed settlement provides for a free Frame Inspection and Replacement Program to determine whether your Subject Vehicle's frame should be replaced." Both the settlement agreement and notice must define the exact benefit that the settlement will provide. If each class member will only receive one inspection, then the parties should make this very clear. This Court should clear up any confusion.

4

Furthermore, the Court cannot determine the fairness of the settlement without understanding what the extent of the benefits that are available for the class.

### The Compensation for the Class is Extremely Inadequate

This settlement does not adequately compensate the class for their loss. The Toyota vehicles now face a lower resale value. The class member will get less money for their car should they try to sell it now that this defect has been discovered. All class members have been harmed by the conduct of the Defendant, even if their car does not currently have rust damage. Every vehicle owner should receive compensation for the lower value of their vehicle. As the settlement stands now, only some class members will receive any benefit other than an inspection.

In addition, if the settlement only allows one inspection, then that is inadequate. The vehicle will have more corrosion over time. A vehicle that has 9 mm of rust corrosion now will likely meet the 10 mm limit of corrosion after a period of time. A vehicle needs multiple inspections to determine if it now unsafe with significant corrosion.

### Unreasonable Attorney's Fees

The attorney's fees are outrageously high. Class counsel's fees should be limited to its actual lodestar. Class counsel has done nothing to warrant a 2.92 multiplier. They have created a settlement with inadequate compensation and inadequate inspections. They also should not get attorney's fees for the amount that is paid to the settlement

5

administrator. See *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). The attorneys should be rewarded for the amount of money that actually goes to the class. This would directly align the class and the class member's interests. This encourages class counsel to create a more robust effective notice for class members. This encourages class counsel to lower administrative costs.

## The settlement shows signs of self-dealing and collusion

"Collusion may not always be evident on the face of a settlement, and courts therefore must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). A few such signs are:

(1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded;

(2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries "the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class," and

(3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d at 947 citing *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006); *Crawford v. Equifax Payment Services, Inc.*, 201 F. 3d 877, 881 (7th Cir. 2000); *Lobatz v. U.S. W.*

6

*Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000); *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 524 (1st Cir. 1991); *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir.2004) (Posner, J.).

Here, the settlement has a clear-sailing and kicker provisions which are signs of self-dealing and collusion. Toyota has agreed to not challenge the attorney fee request and the settlement stipulates that fees will be considered separately from class relief. This court should deny the final approval on this basis.

### Conclusion

In conclusion, this objector respectfully asks this court to reject this settlement based upon the above objections.

Dated: 3-24-17

/s/Michael Creamer

Michael Creamer, Attorney for Objector

I, Gay Hopkins, personally attest that I have discussed this objection with my attorney and agree with its contents.

CA Bar Number 204662
PO BOX 17743
Anaheim, CA 92817
714-623-2299

Gay Hopkins, Objector

7

## CERTIFICATE OF SERVICE

I, Michael Creamer, hereby certify that a true copy of the above document was served upon the attorneys of record for each other party through the Court's electronic filing service ECM/ECF on 3-27-17.

/s/Michael Creamer
Michael Creamer