FILED
CLERK, U.S. DISTRICT COURT

MARCH 24  2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____vdr_____ DEPUTY

Clerk of Court
United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, CA 90012

March 23, 2017

### RE: BRIAN WARNER ET AL V. TOYOTA MOTOR SALES, U.S.A., INC., NO. 2:15-CV-02171-FMO-FFM (C.D.CAL.)

I, James O. Stine object to the proposed settlement with Toyota, and in support thereof state as follows:

1. I am a class member who purchased and owns a 2007 Toyota Tundra, VIN #: 5TBBT54147S454249.

2. The major safety and corrosion issues relating to the Toyota Tundra were not at issue in the Warner action. They were only added at the very last minute, when the settlement was filed, without adequate investigation, discovery, notice and inadequate remedies.

3. The major safety and corrosion issues relating to the Toyota Sequoia were not at issue in the Warner action. They were only added at the very last minute, when the settlement was filed, without adequate investigation, discovery, notice and inadequate remedies.

4. The Rust Perforation Standard is unfair, unreasonable, and inadequate and is designed so as to create an extreme threshold and bar to frame replacement and other corrosion related parts. Toyota has had knowledge of the latent defects for many years.

5. This Settlement is unfair, unreasonable, and inadequate, because the Rust Perforation Standard was arbitrarily established and is inadequate. For example, the 10mm perforation requirement fails to account for cross-sectional frame problems, lack of structural integrity of the frame, and many other equally hazardous and unsafe corrosion., related problems and conditions.

6. The Rust Perforation Standard is unfair, unreasonable, and inadequate and does not provide for repair of necessary severe corrosion relating to other related impacted areas, and conditions, including, but not limited to, frame components, truck bed, rear cross member, brake tubes, control points and parts, spring suspension, and many other related parts and conditions.

7. The Rust Perforation Standard is applied by interested parties, including Toyota Dealers and therefore masks and prevents actual remedies and violates class members' rights to due process. The Settlement is unfair, unreasonable and inadequate, because the eligibility of Class Members for frame replacement is determined by Toyota's co-conspirators, specifically Toyota vehicle Dealers. The same vehicle Dealers have been responsible for determining Class Member eligibility with Toyota for over 15 years and have failed to remedy the frame corrosion problems creating hazardous and unsafe driving conditions for Class Members. It is completely unreasonable to believe that after 15 years of failing to adequately address frame corrosion issues, the vehicle Dealers will be now act in the best interests of Class Members. Moreover, there is no right of appeal from a determination by a Toyota Dealer as to the relief provided, or any established quality or control measures, or sufficient protocol to be employed by the Toyota Dealers.

8. The Class Settlement only provides de minimis discretionary compensation for documented, out of pocket, past repairs of frame corrosion, and only if the repairs retroactively meet the unreasonable Rust Perforation Standard. The inadequate remedy unreasonably excludes any and all other monetary compensation.

9. The requested attorneys' fees are excessive and unreasonable given the lack of adequate relief provided to Class Members.

10. The deadline for claims is only 60 days after an actual final judgment and otherwise bars, releases and waives all Class Member claims against Toyota.

11. If a Class Member does not make a claim within the 60-day period, either because they failed to get notice, or otherwise, Toyota receives an automatic release and waiver of all Class Member claims.

12. In addition, the release is overly broad and absent Class Members agree to hold Toyota and all other responsible parties harmless from any liability now or in the future.

13. The monetary compensation is insufficient and not within the range of reasonableness in light of defendant Toyota's: (1) subjecting Class Members to extreme safety hazards for (15) fifteen years; (2) intentionally concealing from Class Members Toyota's actual knowledge of severe corrosion associated with its Tacoma, Tundra and Sequoia vehicles; and (3) exposing Class Members to loss of control and the risk of serious injuries.

14. Part of the remedy stemming from this Settlement is the application of a Corrosion Resistant Compound ("CRC") to a defective frame. The Settlement fails to adequately address the remedies, if any, available if the CRC fails and frames are further damaged. The CRC application does not solve or correct the corrosion issue. Furthermore, the type, brand, or even composition of the CRC is not specified, making it impossible for Class Members to determine whether the CRC can effectively prevent corrosion.

15. Objector did not receive timely or adequate notice and his rights to due process were violated.

16. Discovery was insufficient, but Toyota is using this proposed Class Settlement to block Class Members from access to the critical discovery which implicates continuing safety-related hazards concerning corrosion.

17. It has been reported that Toyota has entered into many secret undisclosed Settlements and buy-back Agreements to conceal the serious corrosion issues which, have and continue to plague Class Members from January 2000 to the present date. The Settlement and Class Notice fail to identify these transactions.

18. Class Members who had to sell at depressed market prices or junk their vehicles in salvage yards due to the corrosion issues known by Toyota, do not receive any monetary relief or compensation.

19. The Class Settlement is unfair and unreasonable due to Toyota's concealment of the corrosion issues. Only Class Members who still own or lease subject vehicles are eligible to participate in the Frame Inspection and Replacement Program.

20. The affected applicable parts and service items incidental to frame replacement are not identified in the Settlement or Class Notice.

21. Toyota's long standing history concerning its corrosion problems has resulted in inadequate, unreasonable and dangerous remedies, including merely the cleaning and coating of frames, as opposed to replacement, and Class Members are entitled to injunctive relief to remedy the ineffective prior cleaning and coating of actual corrosion, which continues under the Settlement.

22. I do not plan on attending the Fairness Hearing.

Respectfully submitted:

X _____
James Stine
412 McConnell Parkway
Hughesville, PA 17737
(570) 916-5108

DATED: 3-21-17

**Extremely Urgent**

This envelope is for use with the following services:
- UPS Next Day Air®
- UPS Worldwide Express℠
- UPS 2nd Day Air®

Apply shipping documents on this side.

Do not use this envelope for:
- UPS Ground
- UPS Standard
- UPS 3 Day Select®
- UPS Worldwide Expedited℠

**SHIPMENT FROM:**
James Stme
412 McConnell Parkway
Hughesville, PA 17737
510 96-510

**EXTREMELY URGENT DELIVERY TO:**
Clerk of Court
U.S. District Court, Central District of CA
312 North Spring St., Room G-8
Los Angeles, CA 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 24 2017
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

FMO

UPS Next Day Air® Early A.M.®

SATURDAY DELIVERY

Tracking Number: A563 929 1789

02019 1126CS 6/12 RRD
United Parcel Service, Louisville, KY