BARNOW AND ASSOCIATES, P.C.
BEN BARNOW (*pro hac vice*)
ERICH P. SCHORK (*pro hac vice*)
1 North LaSalle Street, Suite 4600
Chicago, IL 60602
Tel: 312/621-2000
312/641-5504 (fax)
b.barnow@barnowlaw.com
e.schork@barnowlaw.com

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON, II (247952)
PAULA M. BROWN (254142)
701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

Class Counsel

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WARNER, KENNETH MACLEOD, MICHAEL MEADE, MICHAEL WATSON, JAMES FULLER, and DALE FRANQUET, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant. | Case No. 2:15-cv-02171-FMO-(FFMx)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO OBJECTORS HOPE AND HOPKINS**<br><br>Date:     April 27, 2017<br>Time:    10:00 am<br><br>USDJ:   Fernando M. Olguin<br>Ctrm:    6D, 6th Floor – 1st Street<br>USMJ:  Fredrick F. Mumm<br>Ctrm:    E, 9th Floor – Spring<br><br>JURY TRIAL DEMANDED<br><br>Complaint Filed: March 24, 2015 |

1  Class Representatives Brian Warner, Kenneth MacLeod, Michael Watson, Ryan Burns, Michael Meade, James Fuller, Dale Franquet, and James Good (collectively, "Plaintiffs"), individually and on behalf of the Class (as defined in the Settlement Agreement), by and through Class Counsel, hereby submit this supplemental response to Objectors Hope and Hopkins.

On April 12, 2017, Objectors Cemil Hope and Gay Hopkins were deposed. This response supplements Plaintiffs' Memorandum in Support of the Parties' Joint Motion for Final Approval based on Objectors' deposition testimony.

Contrary to the objections filed by counsel for Hope and Hopkins, the depositions reveal that Hope and Hopkins like the benefits provided by the settlement. Far from objecting to the settlement, their testimony makes clear that they consider the settlement terms to be a good deal. Their testimony provides further reasons to approve the settlement.

Hopkins' testimony, which is attached as Exhibit A, shows fundamental misunderstandings about the settlement. When the settlement was accurately explained by deposing counsel, Hopkins expressed approval of various settlement terms. She agreed that the frame inspection and replacement program was a valuable and significant benefit. Hopkins Tr. 45:24–46:1; 49:17–20. She similarly approved of the provision of loaner vehicles, *id.* at 49:25–50:19, the eligibility for CRC application, *id.* at 50:21–52:7, the ability to seek a second opinion, *id.* at 52:8–53:1, and the ability to recover out-of-pocket expenses for prior frame replacements. *Id.* at 53:2–25. Sadly, she was unaware of these significant benefits except by and until the deposition examination. And, shockingly, Hopkins testified that she believed that only the named plaintiffs listed in the case caption are getting the benefits under the settlement and that she was not entitled to benefits under the frame inspection and replacement program. *Id.* at 35:25–36:3, 44:13–48:10.

Hopkins further testified she would not want to stop the flow of the benefits to class members and did not know that an objection could have that effect. *Id.* at

54:24–56:9. Yet, the conclusion that her professional objector counsel drafted for her seeks just that. *See* Hopkins Objection 7 (Mar. 27, 2017, ECF No 124). Hopkins knew little to nothing about the settlement. Her objection fits the all-too-frequent reality of a professional objector counsel objection. It is frivolous.

The objection filed on behalf of Hope, advanced by yet another professional objector counsel, fares no better. As with Hopkins, Hope had little knowledge of the settlement's terms or the basis for his filed objection. Hope testified that the settlement's inspection benefits were "absolutely" a good thing, and that replacing a rusted out frame would be the right thing to do. *See* Exhibit B (Hope Transcript) at 25:3–8, 41:25–42:2. He also stated that Toyota's agreeing to remain responsible for frames for a minimum of 12 years "sounds fair." *Id.* at 29:11–16. He indicated that fairness called for objective criteria for determining whether a frame qualifies for a replacement. *Id.* at 42:3–43:11. The Rust Perforation Standard embodies this objective criterion. Settlement Agreement, at 9, ECF No. 91. Hope also stated that the settlement providing for a loaner vehicle was "absolutely" a good thing. Hope Tr. 44:5–12. He also agreed that the notice program's direct mail component "sounds great." *Id.* at 49:1-20. Hope admitted he never read the settlement agreement. *Id.* at 49:21–25.

All in all, when terms of the settlement were pointed out to Hope, he agreed they were good. Hope purchased his Tacoma vehicle without inspecting it for rust and has never seen any rust on it. Hope Tr. at 20:23–21:3, 25:9-11. Yet, what comes through as his only serious concern is the idea that he might get less for his vehicle when he eventually sells or trades it in. Of course, the contrary is true. He would get less without the settlement. Also, not being a lawyer, he does not know that the loss he is fearful of, in addition to being speculative, is not realistically recoverable. Apparently, that was never explained to him, at least to the point where he understood it.

The testimony of Hope, showing little knowledge of the settlement and, when informed at deposition about the settlement, agreeing with its fairness, is also consistent with deposition testimony from his professional objector counsel's client in another class action settlement. Bradley Salter's client was deposed in connection with his objection in *Howerton v. Cargill*, Case No. 13-336 (D. Haw.). Mr. Salter's client testified he never read the settlement agreement, and that he did not really care about getting his money back (he would under that settlement), but he believed the product's "all natural" label should be changed if it was misleading (it had been changed). *See* Excerpt of Ross Muller Deposition Transcript at 52:2–53:23, 54:4–9, 55:20–59:19, attached as Exhibit C. The objection is more properly credited to Mr. Salter than to Mr. Muller. When informed of the settlement's actual benefits, Mr. Salter's client testified, "I never said it was a bad deal," and, his sidestepping attempts aside, he does not escape recognizing it as a good deal. *Id.* at 60:25–61:19.

The depositions of Hopkins and Hope display a poster child example of abuse of the right to object that can be perpetrated by professional objectors. Hopkins and Hope both seem to be well-intentioned people. It is a shame they were put in the position they have been put in, improperly interfering with a settlement they both like. The good news for Hopkins and Hope is that the settlement benefits, the value of which they now acknowledge, will be available to them upon the Effective Date.

Accordingly, for the reasons stated in Plaintiffs' Memorandum in Support of the Joint Motion for Final Approval and those set forth above, the Hope and Hopkins Objections should be overruled, and the Court should grant such other relief the Court deems appropriate.

|   |   |   |
|---|---|---|
| 1 |   | Respectfully Submitted, |
| 2 | Dated: April 24, 2017 | BARNOW AND ASSOCIATES, P.C.<br>BEN BARNOW (*pro hac vice*)<br>ERICH P. SCHORK (*pro hac vice*) |

By: _s/ Ben Barnow_
BEN BARNOW

1 North LaSalle Street, Suite 4600
Chicago, IL 60602
Tel: 312/621-2000
312/641-5504 (fax)
b.barnow@barnowlaw.com
e.schork@barnowlaw.com

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON, II (247952)
PAULA M. BROWN (254142)
701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List. I certify that I caused the foregoing document to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List, including objectors to the Settlement.[1]

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 21, 2017.

*s/ Jeffrey Blake*
JEFFREY BLAKE

BARNOW AND ASSOCIATES, P.C.
1 N. LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone:  312/621-2000
312/641-5504 (fax)
j.blake@barnowlaw.com

---

[1] For each *pro se* objector, the document was mailed to the address identified on his or her objection. For each objector represented by counsel, the document was mailed to his or her attorney.